```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                          Case No. 19-02607-HWV
Troy L. Johns                                                   Chapter 13
Chantilly L. Johns
       Debtors                  CERTIFICATE OF NOTICE
District/off: 0314-1      User: MMchugh              Page 1 of 2              Date Rcvd: Sep 30, 2019
                          Form ID: pdf002            Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 02, 2019.
```
db/jdb         +Troy L. Johns,    Chantilly L. Johns,    8380 Harper Drive,    Waynesboro, PA 17268-8474
cr             +Patriot Federal Credit Union,    c/o Markian R. Slobodian, Esq.,    801 North Second Street,
                 Harrisburg, PA 17102-3213
5211454        +Bestbuy/cbna,    50 Northwest Point Road,    Elk Grove Village, IL 60007-1032
5211456        +Chrysler Capital,    Po Box 961275,    Fort Worth, TX 76161-0275
5211457        +Cmre. 877-572-7555,    3075 E Imperial Hwy,    Brea, CA 92821-6733
5211459        +Comenitycb/myplacerwds,    Po Box 182120,    Columbus, OH 43218-2120
5221212         Conn Appliances, Inc.,    c/o Becket and Lee LLP,    PO Box 3002,    Malvern PA 19355-0702
5211461        +Fed Loan Servicing,    Pob 60610,    Harrisburg, PA 17106-0610
5211470        +Patriot Federal Cred,    800 Wayne Ave,    Chambersburg, PA 17201-3810
5229393        +RoundPoint Mortgage Servicing Corporation,    5016 Parkway Plaza Blvd Buildings 6 & 8,
                 Charlotte, NJ 28217-1932
5211471        +Roundpoint Mortgage,    5032 Parkway Plaza Blvd,    Charlotte, NC 28217-1918
5243637         U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
                 Harrisburg, PA 17106-9184
5218801        +UGI Utilities, Inc.,    PO Box 15503,    Wilmington, DE 19850-5503
5218802        +Washington Twnshp Municipal Authori,    11102 Buchanan Trail East,    Waynesboro, PA 17268-8523
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 30 2019 19:42:48
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5211453        +E-mail/Text: bsimmons@amsher.com Sep 30 2019 19:41:21      Amsher Collection Svcs,
                 4524 Southlake Pkwy Ste,    Hoover, AL 35244-3271
5211455        +E-mail/Text: nestar@acsiwest.com Sep 30 2019 19:41:29      Bonded Business Servic,    Pob 9017,
                 Boulder, CO 80301-9017
5211465         E-mail/Text: BankruptcyNotices@aafes.com Sep 30 2019 19:40:34       Military Star,
                 3911 S Walton Walker Blv,    Dallas, TX 75236
5211460        +E-mail/Text: bncnotices@becket-lee.com Sep 30 2019 19:41:33       Conns Appliances Inc,
                 3295 College St,    Beaumont, TX 77701-4611
5221878         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 30 2019 19:43:39       LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5211468        +E-mail/Text: collections@ontapcu.org Sep 30 2019 19:41:33       On Tap Credit Union,
                 816 Washington Ave,    Golden, CO 80401-1095
5211472        +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:43:07       Syncb/value City Furni,
                 C/o Po Box 965036,    Orlando, FL 32896-0001
5211623        +E-mail/PDF: gecsedi@recoverycorp.com Sep 30 2019 19:42:44       Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5216054         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 30 2019 19:42:53       T Mobile/T-Mobile USA Inc,
                 by American InfoSource as agent,    PO Box 248848,    Oklahoma City, OK  73124-8848
5232931         E-mail/Text: bkrcy@ugi.com Sep 30 2019 19:41:26      UGI Utilities, Inc.,    P.O. Box 13009,
                 Reading, PA 19612
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5211466          no name on CR Liability
5211467          no name on CR Liability
5211458*       +Cmre. 877-572-7555,    3075 E Imperial Hwy,    Brea, CA 92821-6733
5211462*       +Fed Loan Servicing,    Pob 60610,    Harrisburg, PA 17106-0610
5211463*       +Fed Loan Servicing,    Pob 60610,    Harrisburg, PA 17106-0610
5211464*       +Fed Loan Servicing,    Pob 60610,    Harrisburg, PA 17106-0610
5211469*       +On Tap Credit Union,    816 Washington Ave,    Golden, CO 80401-1095
5243639*        U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
                 Harrisburg, PA 17106-9184
                                                                                TOTALS: 2, * 6, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 02, 2019                              Signature:   /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 30, 2019 at the address(es) listed below:

        Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
        James Warmbrodt    on behalf of Creditor    Roundpoint Mortgage Servicing Corporation
         bkgroup@kmllawgroup.com
        Mark A. Buterbaugh    on behalf of Debtor 1 Troy L. Johns Mooneybkecf@gmail.com,
         buterbaughmr61895@notify.bestcase.com
        Mark A. Buterbaugh    on behalf of Debtor 2 Chantilly L. Johns Mooneybkecf@gmail.com,
         buterbaughmr61895@notify.bestcase.com
        Markian R Slobodian    on behalf of Creditor    Patriot Federal Credit Union law.ms@usa.net
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                              TOTAL: 6

Rev. 12/1/18

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Troy L. Johns**
**Chantilly L. Johns**

CHAPTER 13
CASE NO.   1:19-bk-02607

■ ORIGINAL PLAN
_____ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**223,200.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **08/19** | **07/24** | 1,676.00 | 2,044.00 | 3,720.00 | 223,200.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $**223,200.00** |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ■ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
   _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
   _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

■ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| **Roundpoint Mortgage** | 5032 Parkway Plaza Blvd; Charlotte, NC 28217 | 2242 | $2,044.00 |
| **Chrysler Capital** | Po Box 961275; Fort Worth, TX 76161 | 1000 | $368.23 |
| **Conns Appliances Inc** | 3295 College St; Beaumont, TX 77701 | 5830 | $33.02 |
| **Patriot Federal Cred** | 800 Wayne Ave; Chambersburg, PA 17201 | 0800 | $757.41 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

■ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Roundpoint Mortgage** | **8380 Harper Drive Waynesboro, PA 17268 Residence:** | $6,000.00 | $0.00 | $6,000.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

■ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **Roundpoint Mortgage** | **8380 Harper Drive Waynesboro, PA 17268 Residence:** | $284,679.00 | 5% | $122,640.00 |
| **Chrysler Capital** | **2017 Mitsubishi Lancer 10671 miles Vehicle:** | $18,658.00 | 5.25% | $21,357.50 |
| **Conns Appliances Inc** | Secured | $1,820.32 | 2% | $1,915.38 |
| **Patriot Federal Cred** | **2016 Dodge Ram 1500 38446 miles Vehicle:** | $37,628.00 | 6% | $43,929.49 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. <u>Administrative Claims</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

   a. In addition to the retainer of $ **162.00** already paid by the Debtor, the amount of $ **3,838.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one of the following two lines.*

   ■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including, certain Domestic Support Obligations**

   ■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

   ■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
   *Check one of the following two lines.*

   ■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ■ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ■ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:  **July 29, 2019**                                  /s/ **Mark A. Buterbaugh**
                                                          **Mark A. Buterbaugh**
                                                          Attorney for Debtor

                                                          /s/ **Troy L. Johns**
                                                          **Troy L. Johns**
                                                          Debtor

                                                          /s/ **Chantilly L. Johns**
                                                          **Chantilly L. Johns**
                                                          Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.